*437 Opinion by
Mr. Chief Justice Moore.-
West, plaintiff in error, was convicted of aggravated robbery and conspiracy and-was sentenced to confinement in the state penitentiary.
Counsel for West argues that error was committed when the trial court', on its own motion, excused thirteen jurors who were subject to call on the case. Each of these jurors had heard the previous trial of an alleged co-conspirator and had heard West refuse to testify on the ground- of self-incrimination. The trial court removed their names from the list of jurors, subject to call, in order to protect the rights of the defendant, and we believe that just cause existed for its doing so. The trial court had discretionary power to excuse such jurors on its own motion for the reason hereinabove mentioned. Accordingly, we hold that no error was committed in this connection.
Upon the arrest of West thirteen days after the robbery, he made oral statements in which he admitted participation in the robbery and gave the details thereof in a manner which was altogether consistent with the evidence produced by the victim. The trial court, outside the presence of the jury, conducted a hearing on the question as to whether the statements of West were made voluntarily and at the conclusion thereof specifically ruled as follows:
“The Court rules that they were voluntary statements made by the defendant both on the night of the 17th and the morning of the 18th [of December, 1963]” The crime was committed on December 4, 1963.
There was a wealth of evidence to support this finding. The procedure followed by the trial court fully met the requirements of Jackson v. Denno, 378 U.S. 368, 84 Sup. Ct. 1774, 12 L.Ed.2d 908, 1 A.L.R.3d 1205. Nothing in Escobedo v. Illinois, 378 U.S. 478, 84 Sup. Ct. 1758, 12 L.Ed.2d 977, is applicable to the facts in this case. Miranda v. Arizona, 384 U.S. 436, 86 Sup. Ct. 1602, *438 16 L.Ed.2d 694, was decided subsequent to West’s conviction and is inapplicable to the instant case.
The judgment is affirmed.
Mr. Justice McWilliams, Mr. Justice Pringle and Mr. Justice Kelley concur.